IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Thomas A. Davis, | ) | |
| | ) | C.A. No.6:08-cv-03286-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY INSTRUCTIONS |
| | ) | |
| MPW Industrial Services, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### Duties of Jury to Find Facts & Follow Law

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, i.e., what the Plaintiff must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You are bound to accept the rules of law as I give them to you whether you agree with them or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything

1

I may have said or done any suggestion as to what verdict you should return - that is a matter entirely for you to decide.

## Burden of Proof

At the beginning of the case, I told you that the Plaintiff has the burden of proving the case by a preponderance of the evidence. That means that the Plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the Plaintiff claims is more likely true than not. To put it differently, if you were to put the Plaintiff's and the Defendant's evidence on opposite sides of the scales, the Plaintiff would have to make the scales tip slightly on that side. If the Plaintiff fails to meet this burden, the verdict must be for the Defendant.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That is a stricter standard, i.e., it requires more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

## Evidence

The evidence from which you are to determine the facts consists of:

(1) the sworn testimony of witnesses, both live and through depositions, and on direct and cross-examination, regardless of who called the witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have agreed to stipulate.

**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Use of Depositions**

During the trial of this case, certain testimony has been read to you by way of deposition or shown to you by way of videotape. The deposition or videotape testimony of a witness who, for some reason, cannot be present to testify from the witness stand is usually presented in writing under oath in the form of a deposition or videotape. Such testimony is entitled to the same consideration,

3

and, insofar as possible, is to be judged as to credibility and weighed by you in the same manner as if the witness had been present.

### "Direct" and "Circumstantial" Evidence - Defined

Generally speaking, there are two types of evidence that are generally presented during a trial - direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

### Credibility of Witnesses

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors including the following:

1) Was the witness able to see, or hear, or know the things about which that witness testified?

2) How well was the witness able to recall and describe those things?

4

3) What was the witness's manner while testifying?

4) Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5) How reasonable was the witness's testimony considered in light of all the evidence in the case?

6) Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other.

All of these are matters for you to consider in finding the facts.

### Juror's Duty to Be Impartial

Your function as jurors in this case is to determine the issues of fact presented by the claims of the Plaintiff, Thomas A. Davis, against the Defendant, MPW Industrial Services, Inc.

You are to perform this duty without bias or prejudice to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as I explain it, and reach a just verdict, regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community. Corporations, are entitled to the same fair trial at your hands as an individual citizen. All persons, including individuals and corporations, stand equal before the law and are to be dealt with as equals in a court of justice. Sympathy for any party, or prejudice against any party, shall play no part in your deliberations or your decision.

### Liability of Corporations

A corporation under the law is a person, but it can only act through its employees, agents, directors, or officers. The law therefore holds a corporation responsible for the acts of its employees, agent, directors, and officers, if but only if those acts are authorized. An act is authorized if it is a part of the ordinary course of employment of the person doing it. Whether a particular act was authorized is a question you must decide on the evidence.

I will next explain to you each of the elements that the Plaintiff must prove to recover on his claims.

**Contract Formation**

A contract is an obligation which arises from actual agreement of the parties manifested by words, oral or written, or by conduct. A contract exists where there is an agreement between two or more persons upon sufficient consideration either to do or not to do a particular act. Stated another way, there must be an offer and an acceptance accompanied by valuable consideration. A bilateral contract exists when both parties exchange mutual promises.

In South Carolina, a contract may be in writing or it may be oral, that is, by word of mouth, or it may be a combination of those types-some things in writing, some things oral. When a party claims the existence of an oral contract, the elements I mentioned above are not relaxed, but require even greater scrutiny. In order to obtain relief based on an oral contract, the terms of a contract must be so clear, definite, certain, and precise, and free from obscurity or self-contradiction that neither party can reasonably misunderstand them, and can understand and interpret them, without supplying anything.

For an agreement to be legally enforceable, the parties must manifest, by way of an offer to enter an agreement by one party and an acceptance of this offer by the other, an intention to enter a contract under terms which are completely understood by each party. This is sometimes referred to as a "meeting of the minds." The "meeting of the minds" required to make a contract is not based on secret purpose or intention on the part of one of the parties, stored away in his mind and not brought to the attention of the other party, but must be based on purpose and intention which has been made known or which, from all the circumstances, should be known.

If the agreement is manifested by words, the contract is said to be express. If the agreement is manifested by conduct, it is said to be implied. In either case, the parties must manifest a mutual

7

intent to be bound. Without the actual agreement of the parties, there is no contract. An express contract, as well as an implied contract, rests on an actual agreement of the parties to be bound to a particular undertaking.

The parties must manifest their mutual assent to all essential terms of the contract in order for an enforceable obligation to exist. If one of the parties has not agreed to an essential term, then a prerequisite to formation of the contract is lacking. To constitute a valid and binding contract, it is necessary that both parties assent to the same thing in the same sense. Where there is no indefiniteness in the essentials, a party to a written contract cannot say that there is no meeting of the minds.

Certain terms, including monetary amount, time and place, are considered indispensable to whether the parties had an agreement and such terms must be set out with "reasonable certainty." With respect to the amount, it is not essential that a contract fix a definite amount, but there must be a "definite method for ascertaining it." Absent proof that the parties had the same understanding as to the monetary amount, a binding contract cannot exist, and your verdict must be for the Defendant.

In this case, the monetary amount in the contract claimed by Mr. Davis is the method or formula by which any alleged bonus would be calculated. In order for you to find there to be a contract between Mr. Davis and MPW on the bonus claim, you must conclude that the parties agreed on the method or formula by which the bonus would be calculated.

### Contract Breach

The word "breach," as it applies to contracts, is defined as a failure without legal excuse to perform any promise which forms a whole or a part of a contract, including the refusal of a party to recognize the existence of the contract or the doing of something inconsistent with its existence. When performance of a duty under a contract is due, any nonperformance is a breach. In other words, a party breaches a contract when he does not perform as he agreed to perform under the contract.

A party's contractual duty is found in the obligation assumed by the party to the contract. A party's failure to comply with the contractual duty constitutes the breach. Nonperformance of a valid contract is a breach thereof. A breach occurs when a party refuses or neglects to perform some duty required by the terms of the contract.

A breach of contract is any unjustified failure to perform any promise, express or implied, that is a part of the contract, or a violation or nonfulfillment of the obligations, agreements or duties imposed by the contract, or the commission or omission of some act that violates the express or implied undertakings contained in the contract.

A breach may occur when a party without legal excuse fails to perform any promise that is all or part of the contract, or knowingly prevents, hinders or makes more costly the other party's performance, or in advance of the due date of his performance, repudiates his promise to perform-that is, repudiates or renounces the contract.

Additionally, every contract contains an unspoken, but legally enforceable, promise of good faith and fair dealing. This unspoken promise is an implied covenant of good faith and fair dealing. However, there can be no breach of an implied covenant of good faith where a party to a contract

9

has done what the provisions of the contract expressly gave him the right to do nor can there be a breach of the covenant of good faith and fair dealing if you find there is no contract in the first place.

The plaintiff is entitled to recover only if you find that he has proved by the preponderance of the evidence that the defendant did, in fact, breach the contract between the two parties.

Again, to recover for a breach of contract, the plaintiff must establish three elements by the preponderance of the evidence:

(1)     a binding contract entered into by the parties;

(2)     breach or unjustifiable failure to perform the contract; and

(3)     damage suffered by the plaintiff as a direct and proximate result of the breach.

### Burden of Proving Damages

If you find, based on the foregoing instructions, that the Plaintiff has met his burden of proving that the Defendant breached a contract to pay him a certain bonus amount or that Defendant failed to pay reimbursable expenses, then you must determine the amount of damages the Plaintiff should receive, if any. The fact that I instruct you on the proper procedure for awarding damages does not mean that I think the Plaintiff is entitled to your verdict in this case. Instructions as to damages are given only for your guidance, in the event that you should find in favor of the Plaintiff on the question of liability. If the Plaintiff proves his claims, he also has the burden of proving, again by a preponderance of the evidence, that he suffered damages.

## Actual Damages

Actual damages are properly called compensatory damages, meaning to compensate, to make the injured party whole, to put him in the same position he was in prior to the damages received insofar as this is monetarily possible. In other words, actual or compensatory damages include compensation for all injuries which are naturally the proximate result of the alleged wrongful conduct of the Defendant.

The existence, causation, or amount of damages cannot be left to conjecture, guesswork or speculation. Proof of amount of loss with absolute or mathematical certainty is not required. However, damages must be proved with a reasonable degree of certainty and accuracy. The evidence presented by the Plaintiff must enable you, the jury, to determine what amount is fair, just and reasonable.

The Plaintiff bears the burden of proving by the preponderance of the evidence that he is entitled to compensatory damages. Conduct by the Defendant that does not cause harm does not entitle the Plaintiff to damages.

## Damages for Breach of Contract

The damages recoverable for a breach of contract are those which follow as a natural consequence of the breach or those damages which may reasonably be supposed to have been within the contemplation of the parties at the time the contract was entered into.

A party who has been injured by the breach of a contract is entitled to recover the amount of the loss. That is to say, he is entitled, insofar as this can be done by a monetary award, to be placed in the same position he would have occupied if the contract had been performed.

11

Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect to such breach of contract should be such as may fairly and reasonably be considered to arise naturally according to the usual course of things from the breach of contract itself, or such damages as may reasonably be supposed to have been within the contemplation of the parties at the time they made it as the probable result of the breach.

### Unanimous Verdict - Duty to Deliberate

In conducting your deliberations and returning your verdict, there are certain rules you must follow: it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach an agreement if you can do so without doing violence to individual judgment, because a verdict must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinions if the discussion persuades you that you should, but do not come to a decision simply because other jurors think it is right or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to determine the truth from the evidence in the case.

Your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. You must perform your duty and obligation without favoritism, passion, or sympathy for any party in the case, and without prejudice against any of the parties. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

## Return of Verdict

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court officer outside your door that you are ready to return to the courtroom.

## Communicating With the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.