IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Thomas A. Davis, | ) | |
| | ) | C.A. No. 6:08-cv-03286-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| MPW Industrial Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is Plaintiff Thomas A. Davis's ("Plaintiff") Motion for a New Trial [Doc. 72] pursuant to Federal Rule of Civil Procedure 59. Plaintiff pursued this case against Defendant MPW Industrial Services, Inc. ("Defendant") alleging breach of contract and a violation of the South Carolina Wage Payment Act, S.C. Code Ann. § 41-10-10, *et. seq.* (2011) (the "Act") relating to an unpaid work bonus and reimbursement of work expenses. On February 25, 2011, the jury rendered a verdict in favor of Plaintiff with regard to Plaintiff's claim for an unpaid work bonus in the amount of $14,526. The jury found in favor of Defendant with regard to Plaintiff's claim for reimbursement of work expenses.

Plaintiff filed this Motion [72] requesting an order for a new trial on the issue of damages, or in the alternative, granting a new trial on all issues. Having carefully considered the record in this case and the applicable law, the court denies Plaintiff's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant provides industrial cleaning services to its customers which includes BMW in Greenville, South Carolina. Plaintiff began his employment with Defendant in 1997 for Defendant's

BMW account. In 2001, Plaintiff accepted a position as an Operations Manager. On July 27, 2005, Plaintiff filled the position of Account Manager, and remained in the position until his termination from employment in May 2008.

The record reflects that on July 26, 2005, David Barrows ("Barrows"), Director of Operations for Defendant, presented to Plaintiff an offer letter regarding the Account Manager position. Upon receiving the offer letter, Plaintiff objected that the letter did not reference 1) a 15% bonus for Account Managers that was payable under the contract between Defendant and BMW,[1] 2) an entitlement to a truck and fuel card, and 3) a new work bonus to which Plaintiff believed he was entitled. Plaintiff voiced his objections to Barrows, and Barrows telephoned Paul Bechard ("Bechard"), Facility Management General Manager for Defendant. During his phone conversation with Bechard, Barrows made hand-written references to the 15% bonus, the vehicle, and the new work bonus on the offer letter. Bechard later testified that he approved Barrow's notations on the offer letter. However, Barrows's notations on the offer letter did not include a reference to the terms of a new work bonus. Subsequently, Plaintiff signed the offer letter and began work as the Account Manager.

In May 2008, Plaintiff was suspended and later terminated from his employment with Defendant due to falsification of company documents relating to employees under his supervision. During the time of his employment, Plaintiff never received the new work bonus. Plaintiff subsequently initiated this litigation alleging breach of contract and violation of the South Carolina Wage Payment Act (the "Act"). At trial, several witnesses gave conflicting testimony as to whether Plaintiff was entitled to a new work bonus and the method for calculating such bonus. The jury

---

[1] The 15% bonus is not a subject of this lawsuit.

awarded Plaintiff $14,526 in damages with regard to Plaintiff's claim for the unpaid work bonus. Plaintiff now seeks an order for a new trial on the issue of damages, or in the alternative, a new trial on all issues.

## DISCUSSION

Plaintiff seeks an order for a new trial on the issue of damages, or in the alternative, a new trial on all issues.

> In considering a motion for a new trial, a trial judge may weigh the evidence and consider the credibility of witnesses, and if he finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, he must set aside the verdict, even if supported by substantial evidence, and grant a new trial.

*King v. McMillan*, 594 F.3d 301, 314 (4th Cir. 2010). The court must view the evidence in the light most favorable to the prevailing party. *Perrin v. O'Leary*, 36 F. Supp. 2d 265, 266 (D.S.C. 1998). "Such a motion should be denied, unless there were substantial errors in evidentiary rulings or jury charges, or unless 'the evidence, together with all inferences that can reasonably be drawn therefrom, is so one-sided that reasonable people could not disagree on the verdict.' " *Id.* (quoting *Bennett Enterprises, Inc. v. Domino's Pizza, Inc.*, 45 F.3d 493, 497 (D.C. Cir. 1995).

In support of his motion for a new trial, Plaintiff sets forth two arguments. First, Plaintiff argues that the damage award of the jury was against the clear weight of the evidence and based on false evidence. Specifically, Plaintiff argues that in light of the evidence presented at trial, the jury's conclusion that there was a meeting of the minds sufficient to form a contract was inconsistent with the calculation of the damages to be $14,526. At trial, Plaintiff testified that he was entitled to a bonus in the amount of $125,213.74. There was testimony presented at trial regarding the calculation method for a "project booking bonus" that was in the development stages at the time

3

Plaintiff accepted the Account Manager position. The calculation of the project booking bonus would be consistent with how the jury may have arrived at the amount awarded to Plaintiff in damages.[2] Although Plaintiff argues that the bonus that he was promised was different from the project booking bonus, the jury may have concluded otherwise. Although Defendant never implemented the project booking bonus, the jury may have reasonably concluded from the evidence presented at trial that the project booking bonus was the bonus which was actually promised to Plaintiff. Such a conclusion can be supported by the fact that the project booking bonus was developed by Bechard, who is the person who Plaintiff argues approved his bonus. Further, there was evidence presented at trial in which Bechard states that Plaintiff would be eligible for the project booking bonus once he became an Account Manager. Having carefully considered the record before the court, the court finds that the jury's verdict and damage assessment were neither inconsistent nor against the clear weight of the evidence presented in this case.

Next, Plaintiff argues that the court's failure to give Plaintiff's requested jury instructions on construing ambiguous contracts was plain error. Plaintiff argues that such a charge would have been critical to the jury when considering the ambiguity of what Plaintiff describes as the handwritten terms of the contract. Plaintiff argues that if the jury found a contract to exist between Plaintiff and Defendant for the bonus at issue in this case, then the jury may have found such contract to be part oral, based on any oral agreements found to be made between the parties, and part written, based on the handwritten portion of Plaintiff's offer letter. However, "[a]n agreement containing both oral and written terms is considered an oral contract, even if there are written documents supporting the

---

[2] Based on the testimony presented at trial, Plaintiff's bonus under the project booking bonus calculation would have been $14,240.86.

existence of the contract and those documents are construed as part of the contract." 17 C.J.S. Contracts § 82 (2011). Furthermore, in response to Defendant's request for "[a]ll documents constituting, reflecting, supplementing, referring to or otherwise related to the contract or contracts giving rise to Plaintiff's First Cause of Action," Plaintiff responded: "The contract was oral, although the July 26, 2005 letter was an attempt to memorialize the oral promise of a 1% new work bonus." Joint Exhibit 43.

South Carolina law states, and the jury was so charged, that in order to obtain relief based upon an oral contract, the terms of a contract must be so clear, definite, certain, and precise, and free from obscurity or self-contradiction that neither party can reasonably misunderstand them, and can understand and interpret them without supplying anything. *See Aust v. Beard*, 230 S.C. 515, 521, 96 S.E.2d 558, 561 (1957) (quoting *White v. Felkel*, 222 S.C. 313, 324, 72 S.E.2d 531, 536 (1952)). In light of Plaintiff's concession that the contract at issue in this case was oral, a jury charge on construing ambiguous contracts was irrelevant to the issues of the case. Thus, the court finds no error in its refusal to charge the jury with Plaintiff's requested jury instructions on construing ambiguous contracts.

## CONCLUSION

For the reasons set forth above, the court **DENIES** Plaintiff's Motion for a New Trial.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
February 16, 2012